IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSEPH CARTHRON                                                           PETITIONER

VS.                              CASE NO. 4:08CV01852 BSM/HDY

LEROY BROWNLEE, Chairman
Arkansas Post Prison Transfer Board                                RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, A149
Little Rock, AR 72201-3325

**DISPOSITION**

Joseph Carthron has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent contends this petition should be dismissed as successive to an earlier habeas corpus petition – *Carthron v. Brownlee*, Case No. 4:07CV01223. We agree with the respondent.

In the earlier case of *Carthron v. Brownlee*, Case No. 4:07CV01223, the petitioner alleged that his right to be free from double jeopardy was infringed when the state changed the manner in which his restitution was to be paid. The factual summary below, taken from an earlier case, remains accurate:

> On January 20, 2006, [Carthron] pleaded guilty to one count of theft of property in Pulaski County Circuit Court Case No. CR 2004-5151. ... On April 21, 2006, the trial court sentenced [Carthron] to 144 months in the Arkansas Department of Corrections ("ADC"), with 72 months of that sentence suspended. ... Additionally, [his] Judgment and Commitment Order reflects that he was

>ordered to pay $55,650.00 in restitution to "various victims – see probation/parole" with "regular payments until paid in full upon release from ADC through parole." ... The same day [Carthron] and the State executed a "Restitution Stipulation" in which [he] agreed that the restitution amount was $55,650.00. ... While the Restitution Stipulation provides that payments are to begin "as soon as possible," it contains a number of blank lines for the name or names of the persons who are to receive the restitution; the amount of the monthly restitution; or the date each month that restitution is payable. [Footnote omitted].
>...

The petitioner specifically alleged that, after his release from the ADC, he was notified that he was to begin making monthly payments of $927.50 for sixty months in order to make restitution. Mr. Carthron objected, noting the state trial judge never ordered sixty monthly payments. While the earlier proceeding was pending, the issue of restitution was before the state trial judge, who found that no monthly amount was ordered. In the Court's Report and Recommendation of April 15, 2008, the following summary is found:

>The record reflects that the State commenced state judicial proceeding in an attempt to compel Carthron to make equal, monthly payments for sixty months. Judge Langston found that on the basis of the Restitution Stipulation, Carthron is not obligated to make monthly payments in any pre-determined or set amount. Judge Langston instead found that Carthron is only required to make a reasonable monthly payment for sixty months until the restitution is paid, "reasonable" to be based on his income. The payments can be as small as one dollar a month, if that is all he can pay.
>Judge Langston's findings of fact conclusively establish that Carthron is not being compelled to make monthly $927.50 payments for sixty months. He is instead to pay the court-ordered restitution in accordance with the terms of the Restitution Stipulation entered into between the State and Carthron, that being, he must only make monthly payments for sixty months until the restitution is paid. The Restitution Stipulation has not changed, and it cannot be said that the terms of his sentence have been altered. Because the terms of his sentence have not been altered, he is not being subjected to double jeopardy. Thus, because he in large part prevailed in the state judicial proceeding, he cannot prevail in this proceeding.
>   CONCLUSION. The terms of Carthron's sentence have not been altered, and he is not being subjected to double jeopardy. The undersigned recommends that Carthron's petition for writ of habeas corpus be denied and dismissed.

The Report and Recommendation was adopted by United States District Judge Brian S. Miller and Judgment was entered on May 7, 2008.

In the 28 U.S.C. § 2241 petition now before the Court, Mr. Carthron recites the same facts as in Case No. 4:07CV01223. Specifically, he complains that he was released from the ADC on October 30, 2006, and later notified that he was to make monthly payments of $927.50. Instead of framing the claim as a double jeopardy violation, Mr. Carthron alleges in the current case that his right to due process was denied when he was notified of the monthly payment requirement. Since his restitution terms were altered without adequate notice to him, he argues that he should be discharged from "the duration of his parole unconditionally." Petition, page 31.

Section 2244(b)(1) of Title 28, United States Code, provides that "[a] claim presented in a second or successive habeas corpus application under 2254 that was presented in a prior application shall be dismissed." This provision controls the current case. We note that there are cosmetic changes to the essential claim advanced in the earlier case. For instance, the earlier claim was in a pleading styled under section 2254, while the petition in this case is styled as a section 2241 claim. Also, the previous claim was characterized as a double jeopardy claim, and the current claim is described as a due process violation. These cosmetic differences do not hide the essential complaint that the petitioner is grieved by the state's attempt, albeit failed, to require him to pay his restitution in equal monthly payments.

Having found this to be a second or successive application, the petitioner is required to seek permission from the Eighth Circuit Court of Appeals before this Court can consider the petition. 28 U.S.C. § 2244(b)(3)(A). We recommend the petition be dismissed without prejudice to the petitioner's seeking permission from the Court of Appeals to further proceed.

IT IS SO ORDERED this   9   day of October, 2008.

								_____
								UNITED STATES MAGISTRATE JUDGE